## Stick v. Grove.

*Practice, C. P.—Pleading—Plaintiff's statement—Averment of negligence —Sufficiency.*

1. The Practice Act of May 15, 1915, P. L. 483, requires that in an action of trespass based upon allegations of negligence the plaintiff must give the defendant fair notice of all he expects to prove against him, in time for the defendant to fairly meet such charge with competent denial or explanation, so that the jury may properly decide whether the accident was caused by negligence, and if so, by whose negligence.

2. The defendant should be informed just what acts or omissions the plaintiff charges him with, so that, if the averments are not true, the defendant can deny or explain them by such evidence as he can produce.

3. A statement which alleges "Defendant . . . ran his automobile unlawfully and recklessly on defendant's left-hand side of the centre of said public highway . . . and as a result thereof collided with plaintiff's automobile," was in this case held not to meet the specific requirements of the 5th section of the Practice Act, and was stricken from the record.

Motion to strike off plaintiff's statement. C. P. York Co., Jan. T., 1924, No. 46.

The 8th, 9th and 10th paragraphs of the plaintiff's statement, referred to in the opinion of the court, read as follows:

8. Defendant, in attempting to pass the automobile of the plaintiff, ran his automobile unlawfully and recklessly on defendant's left-hand side of the centre of said public highway, thereby encroaching upon plaintiff's right of way, and as a result thereof, collided with plaintiff's automobile.

9. That as a result of the defendant unlawfully, negligently and recklessly operating his said automobile so as to collide with plaintiff's automobile, the plaintiff's automobile was broken and seriously damaged in this, that both wheels on plaintiff's left-hand side were broken, the left rear fender and the running-board and left side of body were seriously broken and damaged, as well as the left side of the body and wind-shield were also damaged and broken.

10. That as a result of the defendant unlawfully, negligently and recklessly operating his said automobile so as to collide with plaintiff's automobile, the

plaintiff herself was seriously and permanently injured, in that her right arm was seriously and permanently lacerated and her body otherwise seriously bruised and shocked, and as a result, plaintiff suffered serious and great mental and bodily pain, from which she has not yet, and probably never will, fully recover.

Samuel Kurtz and R. P. Sherwood, for motion; Harvey A. Gross, contra.

Ross, J., Jan. 26, 1925. — The defendant has filed the following worded motion to strike off:

"And now, to wit, Nov. 19, 1923, defendant, by its counsel, Samuel Kurtz and Ray P. Sherwood, Esqs., moves the court to strike off the statement filed by the plaintiff in this case for the following reasons:

"1. Paragraph 8 of said statement is not an averment of fact, but solely and only a conclusion of law.

"2. Paragraph 9 of said statement is not an averment of fact, but solely and only a conclusion of law.

"3. Paragraph 10 of said statement is not an averment of fact, but solely and only a conclusion of law."

The question raised by the motion has been decided by both judges in this court, and by other judges in the several Courts of Common Pleas in other judicial districts of this State, with such clearness and emphasis, that it bears heavily upon the patience of a reviewing judge when we come in contact with general allegations of "carelessness," when the lawyer who drafted the pleading knows that the proof at trial requires the generally alleged "carelessness" to be reduced to facts which will enable the jurors to determine what acts of commission or omission, under all the circumstances of the case, constituted what the pleader generally charges as "carelessness."

In the case of Dietz v. American Agricultural Chemical Co., 29 Dist. R. 691-693, 33 York Leg. Record, 181-182, we said: "The Practice Act, 1915, § 5, requires that every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, . . . but not . . . inferences or conclusions of law. When a plaintiff alleges in broad terms that the defendant operated its car carelessly, negligently and unlawfully, the statement amounts to nothing more than the deponent's inference or conclusion."

Judge Edwards, of Lackawanna County, in Kennedy v. Scranton Rys. Co., 29 Dist. R. 751; Judge N. M. Wanner, of this court, in Bittner v. City of York, 30 Dist. R. 956, and Judge Baird, of Elk County, in the case of Grumley v. Pellegrino, 4 D. & C. 205, have made practically the same ruling.

The 8th, 9th and 10th paragraphs of the plaintiff's statement lack just what the 5th section of the Practice Act, 1915, specifically requires.

The defendant should be informed just what acts or omisions the plaintiff charges him with, so that, if the acts or omissions are not true, the defendant can deny or explain them by such evidence as he can produce.

In other words, the Practice Act, 1915, requires that the plaintiff must give to the defendant fair notice of all he expects to prove against him in time for the defendant to fairly meet such charge with competent denial or explanation, so that the jury may properly decide whether an accident was caused by negligence, and if so, by whose negligence.

And now, Jan. 26, 1925, the plaintiff's statement is stricken from the record with leave to file a new and more specific statement within fifteen days from this date; service thereof to be made in accordance with the act of assembly.

From Richard E. Cochran. York Pa.